Stacy Scheff #028364
LENTO LAW GROUP
P.O. Box 40611
Tucson, AZ 85717
Ph: (520) 471-8333
Email: Sscheff@lentolawgroup.com

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Ethan J. Fredericks<br><br>        Plaintiff<br><br>v.<br><br>Grand Canyon University,<br><br>        Defendant | Case No.<br><br><br>COMPLAINT & JURY DEMAND |

Plaintiff ETHAN J. FREDERICKS by way of Complaint against the Defendant, GRAND CANYON UNIVERSITY hereby states as follows:

**THE PARTIES**

1.      At all times relevant herein, Plaintiff ETHAN J. FREDERICKS was enrolled in a nursing program at Grand Canyon University and is an adult resident citizen of San Diego County, CA with a residential address at 346 Dun Blazer Way, Fallbrook, CA, 92028, USA

2.      At all times relevant herein, Defendant GRAND CANYON UNIVERSITY (hereinafter "GCU") is a private institution of higher education in Arizona, with a mailing address and Principal Office Address at 3300 W. Camelback Road, Phoenix, AZ, 85017, USA in Maricopa County.

3.      The true names and capacities of persons or entities, whether individual, corporate, associate, or otherwise, who may be responsible for some of the claims alleged

herein are currently unknown to Plaintiff. Plaintiff will seek leave from the court to amend this complaint to reflect the true names and capacities of such other responsible parties when their identities become known.

4.     All of Plaintiff's claims stated herein are asserted against Defendant Grand Canyon University and any of its owners, predecessors, successors, subsidiaries, agents and/or assigns.

## JURISDICTION & VENUE

5.     Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a), as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. The Plaintiff is a resident of San Diego, California, and is therefore a citizen of the State of California. The Defendant is a private college incorporated and having its principal place of business in Phoenix, Arizona, and is therefore a citizen of the State of Arizona for purposes of diversity jurisdiction.

6.     Venue is proper in the United States District Court for the District of Arizona, as per 28 U.S. Code §1391 generally, and as per 28 U.S. Code §82, which specifies that Arizona constitutes a single federal judicial district, meaning cases within the state fall under the District of Arizona.

## FACTUAL BACKGROUND

7.     Defendant Grand Canyon University is a private Christian college with a primary campus located in Phoenix, Arizona.

8.     Plaintiff was a United States Navy Hospital Corpsman who was enrolled at GCU in pursuit of a Bachelor of Science in Nursing degree.

9.     On or about June 23, 2022, the Plaintiff received an email from Danielle Edwards, the Director of Nursing Services for Defendant GCU, requesting a meeting with the Plaintiff and another staff member, Kei Ann Mandanas. In the email, Ms. Edwards stated that "a concern" had been brought to her attention, requiring an in-person follow-up.

10.     After the June 23, 2022, meeting with Danielle Edward and Kei Ann Mandana, Plaintiff received an email from Danielle Edwards indicating that Plaintiff was being referred to the Code of Conduct committee for:

> a.     "Unprofessional verbal communication which could be inferred as wishing harm on an instructor and/or the instructors [sic] unborn child", and
>
> b.     "Unprofessional behavior within the clinical setting including the use of personal electronics and negative comments/behavior that could impact the success of other students and the relationship of Grand Canyon University and the clinical partner."

11.     On or about June 30, 2022, Plaintiff received an official notification that he had been reported to GCU for violating the Student Code of Conduct and Academic Standards. This notification listed a variety of alleged violations that were stated to have occurred between June 11, 2022, and June 23, 2022, in a single course, NSG-320. This notification included additional alleged violations that were not addressed or known at the June 23, 2022, meeting with Danielle Edward and included:

a.    "On 06/11/2022: It was reported that you had informed the RN that you were cleared to administer medications without instructor supervision, however, you were not cleared to do so as you had only been observed performing a Sub Q injection and nothing else."

b.    "On 06/18/2022: It was reported you had attempted to perform a blood draw even though you have not been cleared to perform this action. When this was addressed, you stated 'at least we tried.' It has been reported that you also demonstrated an inappropriate attitude regarding what you are permitted to do and not to do in the clinical setting."

12.    Upon information and belief, all allegations of wrongdoing against Plaintiff originated solely from a single instructor, Iliana Villarreal, in connection with the course NSG-320. Ms. Villarreal became openly hostile toward Plaintiff after learning that he was legally married to another man. On at least one occasion, she privately confronted Plaintiff and explicitly stated that she would ensure he did not graduate. Plaintiff had no other disciplinary infractions, academic disputes, or conflicts with any other faculty member or in any other course.

13.    On or about July 1, 2022, following discussions with the Academic Standards Department, the Plaintiff formally notified the Defendant of his intention to exercise his right to speak with the Code of Conduct Committee. The committee, responsible for reviewing submitted documentation, was expected to assess the allegations and determine any applicable disciplinary action.

14.    One of the allegations against the Plaintiff was that, on June 21, 2022,

Iliana Villarreal reported that the Plaintiff was "excessively playing games" on his cellphone throughout the morning report and the rest of the day. During an email exchange on July 1, 2022, with the Academic Standards Department, the Plaintiff submitted a screenshot of his cellphone activity log for June 21, 2022. The log showed minimal activity between 07:00–11:00 a.m. and 13:00–18:00 p.m., which correspond to on-floor clinical hours.

15.    Additionally, the Plaintiff submitted letters from students and a preceptor who were present on the dates and times in question. These statements addressed the allegations related to blood draws and medication administration, directly contradicting the accusations and supporting the Plaintiff's claim that such actions never took place.

16.    On or about July 5, 2022, Plaintiff attended the hearing held by the Code of Conduct Committee by Zoom. During this hearing, the Code of Conduct Committee did not provide or consult the "substantial evidence" as indicated in the initial notice. Additionally, the committee did not lay out the potential punishments that may have been invoked if Plaintiff was found in violation of GCU policy as required by page 216 in the 2022 GCU student handbook.

17.    On or about July 7, 2022, while Plaintiff was in class, a professor and campus security escorted Plaintiff out of the building. This act occurred before Plaintiff was informed of the results of the hearing.

18.    On or about July 7, 2022, the Plaintiff contacted his student advisor and Kei Ann Mandanas, an Academic Success Coach II. During these communications, the Plaintiff learned that he had been suspended as a result of the Code of Conduct

Committee hearing. These communication exchanges occurred prior to any official notification from the Defendant Grand Canyon University.

19.     On or about July 7, 2022, the Plaintiff received official notice of academic suspension, effective immediately, from the Defendant's Office of Academic Compliance. This suspension prohibited the Plaintiff from registering for or attending any classes for one academic semester.

20.     As a result of being removed from class and suspended, Plaintiff began to have suicidal thoughts.

21.     Plaintiff's husband was away in military boot camp, leaving Plaintiff alone until October 6, 2022.

22.     In the end of November 2022, Plaintiff started seeing a professional therapist who diagnosed him with depression.

23.     Plaintiff's sleep was affected until February of 2023.  He was unable to sleep, worrying about his future, and if he would be able to work as a nurse.

24.     On or about July 25, 2022, Plaintiff submitted an appeal to the "Official Academic Suspension Effective 07/07/2022" where he reiterated his defenses, evidence, notified GCU of the procedural errors, and requested appropriate relief.

25.     No action was taken by the Defendant, its agents or employees, to correct the procedural issues, the discriminatory nature of the accusations and disciplinary process, the improper notices, the disproportionate disciplinary action, or the public removal of Plaintiff from campus by security before he has even received notice of the suspension.

26.     The unexpected and public nature of Plaintiff's removal from class by campus security subjected him to public humiliation in front of his peers and faculty, causing Plaintiff emotional distress.

27.     Plaintiff, as a student of Grand Canyon University, reasonably relied (directly or indirectly) on this sophisticated higher education institution to comply with the policies and procedures outlined in the Student Handbook.

28.     GCU's duty to comply with their disciplinary policies and procedures arose as a result of the special relationship that existed between GCU, on the one hand, and Plaintiff, on the other hand. The special relationship arose because Plaintiff entrusted GCU to comply and follow the policies and procedures outlined in the student manual which were implemented as a condition of receiving educational services for himself when he applied and was accepted.

29.     GCU had the resources necessary to prevent the breach of contract but neglected to follow the policies and procedures as outlined in the Student Handbook. GCU also intentionally and negligently refused to consider the Plaintiff's supporting and controverting evidence and witness statements and the due process requirements set forth in the GCU Student Handbook.  Accordingly, GCU breached its common law, statutory, and other duties owed to Plaintiff.

## COUNT I
## BREACH OF EXPRESS CONTRACT

30.     Plaintiff hereby repeats all of the allegations and Exhibits contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

31.     At all times relevant hereto, Defendant held itself out to the public as

licensed and professional institute of higher education, capable, honest and knowledgeable enough to provide proper and professional educational services to the public.

32.    Plaintiff entered into contracts with Defendant when he agreed to attend GCU and pay tuition to GCU.

33.    The student handbook acts as a regulatory document that requires compliance by faculty, staff, and visitors. Noncompliance or violations of the student handbook may result in disciplinary actions, including sanctions, suspension, or termination from the GCU educational or nursing program. The student handbook was presented to Plaintiff during the admission process and his acceptance of the student handbook's contents was required as a condition of enrollment. As such, the student handbook acts as a contract between GCU and the Plaintiff.

34.    Upon information and belief, these contracts included promises made by Defendant that expressed and/or manifested intent that the contracts were made to primarily and directly benefit Plaintiff, as Defendant's service was to provide education services in exchange for tuition payments from Plaintiff. As part of this contract, Defendant had a duty to provide students, faculty, and staff with a safe university environment and to comply with the rules, regulations, and policies established in the contract and the student handbook.

35.    Upon information and belief, Defendant's representations required Plaintiff and Defendant to comply with policies, procedures, and code of conduct as outlined in the student handbook.

36.     Upon information and belief, Defendant materially breached its contractual obligation to provide students, faculty, and staff with a safe university environment by forcibly escorting an enrolled student, without proper notice, under guard, and in a manner that provoked fear and public humiliation for Plaintiff.

37.     Upon information and belief, Defendant materially breached its contractual obligation by failing to comply with the disciplinary process as outlined in the student handbook. The unnoticed removal of Plaintiff from a class he was attending and had paid for equates to a disciplinary action, but no disciplinary hearing results notice was served prior to the Plaintiff's removal as required by GCU's stated policies and procedures.

38.     Upon information and belief, Defendant materially breached its contractual obligation by failing to comply with the disciplinary process as outlined in the student handbook. The allegations against the Plaintiff were not amended after the preliminary meeting and were never addressed in an informal manner, "with a goal of restoration and resolution", as is standard practice of GCU prior to escalation as stated in their student handbook.

39.     Upon information and belief, Defendant materially breached its contractual obligation by failing to comply with the disciplinary process as outlined in the student handbook. The Student Conduct Committee intentionally or negligently failed to consider the evidence and testimony that substantiated Plaintiff's innocence and would have negated the allegations against him. This failure violates GCU's Student Handbook and violates the University's Code of Conduct.

40.     Upon information and belief, the breaches were reasonably foreseeable

consequences of Defendant's actions in breach of these contracts and the GCU student handbook.

41.    As a direct and proximate result of the Defendant's breach, Plaintiff has been harmed and has suffered, and will continue to suffer, actual damages and injuries, including without limitation Plaintiff's academic career, monetary loss, future employment, good name, reputation, and emotional distress.

## COUNT II
## BREACH OF IMPLIED CONTRACT

42.    Plaintiff hereby repeats all of the allegations and Exhibits contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

43.    At all times relevant hereto, Defendant held itself out to the public as licensed and professional institute of higher education, capable, honest and knowledgeable enough to provide proper and professional educational services to the public.

44.    Plaintiff entered into contracts with the defendant when he agreed to attend GCU and pay tuition to GCU.

45.    The student handbook acts as a regulatory document that requires compliance by faculty, staff, and visitors. Noncompliance or violations of the student handbook can result in disciplinary conduct that can result in sanctions, suspension, or termination from the GCU educational and or nursing program. The student handbook was presented to Plaintiff during the admission process and her acceptance of its contents was required as a condition of enrollment. As such, the student handbook acts as a contract between GCU and the Plaintiff.

46.     Defendant entered into implied contracts, separate and apart from any express contracts, for the provision of disciplinary procedures, notices, hearings, and disciplinary disposition as outlined specifically in the student handbook. Defendant was obligated to take reasonable steps to safeguard the Plaintiff's due process rights.

47.     Defendant had an implied duty of good faith to ensure that Plaintiff's due process rights were protected and provided in accordance with its contractual obligations and the student handbook.

48.     Upon information and belief, the breaches were reasonably foreseeable consequences of Defendant's actions in breach of these contracts and the GCU student handbook.

49.     By failing to properly evaluate evidence submitted by Plaintiff and by failing to notify Plaintiff of the suspension, Defendant exacerbated Plaintiff's injuries. Specifically, by depriving him of the chance to properly defend himself against the false allegations and protect himself and mitigate harm, Defendant exacerbated Plaintiff's injuries with a forced removal from class by security that left the Plaintiff scared, publicly humiliated, and emotionally traumatized.

## COUNT III
## DUE PROCESS VIOLATIONS

50.     Plaintiff hereby repeats all of the allegations and Exhibits contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

51.     At all times relevant hereto, Defendant held itself out to the public as a licensed and professional institute of higher education, capable, honest and knowledgeable enough to provide proper and professional educational services to the

public.

52.     Upon information and belief, Defendant accepts and receives financial aid from government treasuries including but not limited to scholarships, fellowships, and federal student loans. Defendant also receives indirect governmental financial aid in the form of tax-exemptions and the use or loan of public land.

53.     Plaintiff entered into contracts with Defendant when he agreed to attend GCU and pay tuition to GCU.

54.     Defendant established extensive investigative, hearing, and disciplinary procedures, among other policies and codes of conduct, which are outlined in detail in the student handbook.

55.     The student handbook acts as a regulatory document that requires compliance by faculty, staff, and visitors. Noncompliance or violations of the student handbook can result in disciplinary conduct that can result in sanctions, suspension, or termination from the GCU educational and/or nursing programs. The student handbook was presented to Plaintiff during the admission process and her acceptance of its contents was required as a condition of enrollment. As such, the student handbook acts as a contract between GCU and the Plaintiff.

56.     GCU's student handbook details the student's due process rights which include but are not limited to proper notice, hearings, post-hearing notices, disciplinary actions, and appeals.

57.     On July 1, 2022, the Plaintiff submitted evidence and letters from students and a preceptor who were present on the dates and times in question. These statements

addressed the allegations related to blood draws, medication administration, and phone usage, directly contradicting the accusations and supporting the Plaintiff's claim that such actions never took place.

58.    Upon information and belief, on July 5, 2022, a disciplinary hearing was conducted by Zoom. GCU refused to allow Plaintiff to have a representative, advocate, support person, parent, or attorney present during the hearing. This refusal impacted the Plaintiff's ability to properly understand the proceedings, charges against him, and his ability to adequately defend himself against the false allegations.

59.    On or about July 7, 2022, while Plaintiff was in class, a professor and campus security escorted Plaintiff out of the building. This act occurred before Plaintiff was informed of the results of the hearing.

60.    The Plaintiff was denied due process, which requires that an investigation and hearing take place before disciplinary actions are enforced. Due process also mandates that any evidence submitted in defense of the accused student be reviewed and fairly evaluated in determining their right to defense and proof against the allegations.

61.    On or about July 7, 2022, while Plaintiff was in class, a professor and campus security escorted Plaintiff out of the building. This act occurred before the Plaintiff had been informed of the results of the disciplinary hearing.

62.    Upon information and belief, Plaintiff was targeted by Iliana Villarreal, an employee of GCU and instructor for NSG-320, on the basis of his sexual orientation. Plaintiff asserts that the Code of Conduct Committee violated his right to due process by disregarding his evidence and witness statements, further perpetuating discriminatory

treatment rooted in his sexual orientation.

63.    Defendant had a contractual and implied duty of good faith to ensure that Plaintiff's due process rights were protected and provided in accordance with its contractual obligations, the student handbook, and state and federal statutes.

64.    By failing to properly consider the evidence submitted by Plaintiff and by failing to properly notify Plaintiff of the suspension prior to the Plaintiff being forcibly escorted off the premises, Defendant exacerbated his injuries. Specifically, by depriving him of his due process rights during the hearing and disciplinary process which impacted Plaintiff's ability to protect himself and mitigate harm. Defendant exacerbated Plaintiff's injuries with the forced public removal that occurred without proper due process or notice and left the Plaintiff suspended from school, scared, publicly humiliated, and emotionally distressed.

**<u>COUNT IV</u>**
**NEGLIGENCE**

65.    Plaintiff hereby repeats all of the allegations and exhibits contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

66.    At all times relevant hereto, Defendant held itself out to the public as licensed and professional institute of higher education, capable, honest and knowledgeable enough to provide proper and professional educational services to the public.

67.    Plaintiff entered into contracts with the defendant when he agreed to attend GCU and pay tuition to GCU.

68.    Defendant owed a duty of care to Plaintiff because it was foreseeable that Defendant's failure to adequately safeguard the Plaintiff's due process rights and academic success in accordance with the student handbook, contracts, assignments, and state and federal statutes would compromise the Plaintiff's personal reputation, academic success, and ability to properly defend himself during the hearing process.

69.    Defendant acted with wanton and reckless disregard for the due process rights and fair hearing elements of Plaintiff by refusing to consider evidence submitted for his defense which directly controverted the claims of his instructor. This duty is required and necessary for Plaintiff to take appropriate measures to protect his due process rights, to protect his reputation and good name, to protect his academic career, to protect his future employment prospects, and to take other necessary steps to mitigate the harm caused by the false allegations and publicly performed removal from the building by campus security.

70.    Defendant acted with wanton and reckless disregard for the due process rights and fair hearing elements of Plaintiff by refusing to allow a student to have a representative, advocate, support person, parent, or attorney present during the hearing to aid or support him. This duty is required and necessary for Plaintiff to take appropriate measures to protect his due process rights, to protect his reputation and good name, to protect his academic career, to protect his future employment prospects, and to take other necessary steps to mitigate the harm caused by the allegations and publicly performed removal from the building by campus security.

71.    Defendant acted with wanton and reckless disregard for the safety and security and public reputation of Plaintiff by forcibly removing him from his classroom by campus security, without proper notice and in a fashion that that created a public spectacle.

72.    Defendant owed a duty to Plaintiff to timely and accurately conduct an impartial investigation and hearing before the disciplinary suspension of Plaintiff from his academic pursuit and campus. This duty is required and necessary for Plaintiff to take appropriate measures to protect his due process rights, to protect his reputation and good name, to protect his academic career, to protect his future employment prospects, to be vigilant in the face of an increased risk of harm, and to take other necessary steps to mitigate the harm caused by the allegations and forced removal from the classroom building and campus.

73.    Defendant owed a duty to Plaintiff, to protect his due process rights including providing proper notices and by conducting a hearing prior to implementing disciplinary action. This duty is required and necessary for Plaintiff to take appropriate measures to protect his safety and security, to protect his reputation and good name, to protect his academic career, to protect his future employment prospects, to be vigilant in the face of an increased risk of harm, and to take other necessary steps to mitigate the harm caused by the allegations and forced extraction by campus security from the campus.

74.    Defendant owed a duty to Plaintiff and knew or should have known would suffer injury-in-fact from Defendant's reckless and wanton disregard for Plaintiff's due

process rights and personal safety and security.

75.    As a direct and proximate result of Defendant's negligence, Plaintiff has suffered or will suffer damages, including monetary damages, embarrassment, humiliation, frustration, emotional distress, and damage to his ability for academic advancement and employment.

76.    Defendant's breach of its common-law duties to exercise reasonable care and its failures and negligence actually and proximately caused Plaintiff actual, tangible, injury-in-fact and damages, including, without limitation, lost benefit of his bargain, lost reputation, lost benefit from academic advancement and future employment, emotional distress and anguish, and lost time and money incurred to mitigate and remediate the effects of the denial of due process and forced public removal from campus that resulted from and were caused by Defendant's negligence, which injury-in-fact and damages are ongoing, imminent, immediate, and which he continues to face.

## COUNT V
## DISCRIMINATION

77.    Plaintiff hereby repeats all of the allegations and Exhibits contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

78.    At all times relevant hereto, Defendant held itself out to the public as licensed and professional Christian institute of higher education, capable, honest and knowledgeable enough to provide proper and professional educational services to the public and in compliance with Title IX of the Education Amendments of 1972.

79.    Upon information and belief, Defendant accepts and receives financial aid from government treasuries including but not limited to scholarships, fellowships, and

federal student loans. Defendant also receives indirect governmental financial aid in the form of tax-exemptions and the use or loan of public land.

80.    Plaintiff, as a gay male, is a member of a protected class as defined under Title IX of the Education Amendments of 1972.

81.    Title IX of the Education Amendments of 1972 prohibits sex-based discrimination in education, and this has been interpreted to include discrimination based on sexual orientation and gender identity by recipients of federal funds.

82.    Upon information and belief, Plaintiff was targeted by Iliana Villarreal, an employee of GCU and instructor for NSG-320, on the basis of his sexual orientation. Plaintiff asserts that the Code of Conduct Committee violated his right to due process by disregarding his evidence and witness statements, further perpetuating discriminatory treatment rooted in his sexual orientation.

83.    Defendant failed to evaluate Plaintiff's evidence during the hearing, which adversely affected his ability to defend himself during the disciplinary hearing and resulted in his suspension and public forced removal from GCU.

84.    Defendant denied Plaintiff access to the minimum procedural protections before issuing significant disciplinary decisions which adversely affected his ability to defend himself during the disciplinary hearing and resulted in his suspension and public forced removal from GCU.

85.    Defendant denied Plaintiff access to fair hearing procedures by failing to provide unbiased decisions makers and restricting the presentation of evidence during the hearing, which adversely affected his ability to defend himself during the disciplinary

hearing and resulted in his suspension and public forced removal from GCU.

86.     Defendant, directly and through its agents or employees, by act or omission, retaliated against Plaintiff by making unsupported accusations, by amending allegations without informal resolution, by failing to provide unbiased decisions makers, by restricting the presentation of evidence during the hearing, by issuing a disciplinary action inconsistent with the alleged conduct violations, and by the forced public removal of the Plaintiff from his class building by campus security.

87.     By failing to properly recognize, address, or remedy the systemic barriers and the discriminatory nature of the accusations and their disciplinary policies and procedures, Defendant exacerbated Plaintiff's injuries. Specifically, by depriving Plaintiff —a gay male student—of a representative, advocate, support person, parent, or attorney during the hearing, Defendant denied him the ability to fully understand, participate in, and protect his rights throughout the disciplinary process. Furthermore, Defendant failed to consider the harmful effects of unsubstantiated allegations and improperly noticed disciplinary actions, including the forced removal from class by campus security, and disregarded the need for appropriate accommodations during the hearing and disciplinary proceedings. These discriminatory practices compounded Plaintiff's injuries, leaving him suspended from school, emotionally distressed, publicly humiliated, and without adequate recourse to defend himself against unjust treatment.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

88.    Plaintiff hereby repeats all of the allegations and Exhibits contained in the Complaint thus far above and incorporates same as if fully set forth at length herein.

89.    At all times relevant hereto, Defendant held itself out to the public as licensed and professional Christian institute of higher education, capable, honest and knowledgeable enough to provide proper and professional educational services to the public.

90.    Defendant intentionally and/or recklessly inflicted emotional distress upon the Plaintiff by purposefully interfering with Plaintiff's due process rights and by purposefully and intentionally failing to rectify the many problems associated with disciplinary notice and hearing process conducted by the Defendant and its agents and employees.

91.    Defendant intentionally and/or recklessly inflicted emotional distress upon the Plaintiff by purposefully and publicly removing Plaintiff from a GCU educational building by campus security without providing proper notice of the disciplinary results, and by purposefully and intentionally failing to rectify the many problems associated with the suspension notice and removal process conducted and overseen by the Defendant and its agents and employees.

92.    Defendant intentionally and/or recklessly inflicted emotional distress upon the Plaintiff by purposefully refusing to evaluate evidence that contradicted the claims of instructor Iliana Villarreal during the preliminary review, investigation, and by purposefully and intentionally failing to rectify the many problems associated with the

suspension notice, the Plaintiff's public removal from campus by security, and the hearing process conducted and overseen by Defendant and its agents and employees.

93.    Defendant intentionally and/or recklessly inflicted emotional distress upon the Plaintiff by purposefully targeting and retaliating against Plaintiff because of his sexual orientation and by purposefully and intentionally failing to rectify the many problems associated with the discriminatory treatment, the suspension notice, the Plaintiff's public removal from campus by security, and the hearing process conducted and overseen by the Defendant and its agents and employees.

94.    The infliction of emotional distress was preventable had the Defendant lived up to its duty of care as arising under their policies and procedures, the student handbook, and under common law, statue and rule, as aforesaid.

95.    This conduct by Defendant caused Plaintiff to fall into a depression with suicidal thoughts. The conduct is shocking to the conscience, given (1) the fact that said Defendant held itself out to the public as professional Christian institute of higher learning, capable and knowledgeable enough to provide proper and professional educational services to the public, and (2) that Defendant knew, or should reasonably know, that their customer base may include individuals of various genders and sexualities – is conduct so extreme and outrageous as to go beyond all possible bounds of decency, and is to be regarded as atrocious and utterly intolerable in a civilized community. Defendant's conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency that infliction of mental anguish is presumed once the right to due process being interfered with is shown.

96.    Defendant's acts as alleged herein were committed either with actual malice and intent to inflict on Plaintiff the very harm he suffered as a result of these acts by Defendant, or with reckless, wanton, and willful disregard of the possibility of inflicting on Plaintiff the very harm he suffered as a result of these acts by the Defendant.

97.    As a direct and proximate result of Defendant's intentional and/or reckless conduct as aforesaid, Plaintiff was caused to sustain damages, including, but not limited to, emotional distress and anguish so severe that no reasonable person could be expected to endure it.

### PRAYER FOR RELIEF

98.    **WHEREFORE,** for the foregoing reasons and pursuant to the Counts above, Plaintiff, ETHAN J. FREDERICKS, demands judgment against the Defendant, GRAND CANYON UNIVERSITY, and in the alternative, for alternative, for general, compensatory, and punitive damages, reasonable attorney's fees and costs of suit with interest, and any further relief which the court may deem equitable and just.

### JURY DEMAND

99.    Plaintiff demands a trial by jury on all issues so triable.

### CERTIFICATION

100.    Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual

contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully Submitted,

**LENTO LAW GROUP, P.C.**

Dated: April 21, 2025

_/s/ Stacy Scheff_____
STACY SCHEFF
*Attorney for Plaintiff*